IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL E. NIKOLAS, | ) | CASE NO: 8:08CV87 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CITY OF OMAHA, a Political | ) | |
| Subdivision of the State of Nebraska, | ) | |
| S. P. BENSON JR., an Individual, and | ) | |
| JOHN DOE, an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's "Motion for Leave to Amend Complaint and Clarify March 2, 2009 Order" (Filing No. 47). In his Motion, the Plaintiff asks this Court for leave to file an Amended Complaint, or in the alternative, "to clarify whether the court's March 2, 2009 Order considered Plaintiff's 5th and 14th Amendment procedural due process claim and a 4th and 14th amendment unreasonable seizure claim as a result of the placarding of Plaintiff's garage without prior notice and in violation of the City code to be included in the claims ruled upon in that order." (Filing No. 47 at 1). Upon review of the Plaintiff's Motion and the record, the Court finds that the Plaintiff's Motion should be denied. This Court has considered and dismissed all of the Plaintiffs' claims.

The Court did consider the Plaintiff's Fourth,[1] Fifth,[2] and Fourteenth Amendment claims (as they relate to the placarding of his garage) and concluded that the Plaintiff had failed to "demonstrat[e that a] genuine issue of material fact exists." *Cordry v. Vanderbilt*

---

[1] For the Court's discussion and dismissal of the Plaintiff's Fourth Amendment and Fourteenth Amendment claim for unreasonable seizure, *see* Filing No. 45 at 12-13.

[2] For the Court's discussion and dismissal of the Plaintiff's Fifth and Fourteenth Amendment Unconstitutional Taking claim, *see* Filing No. 45 at 17-19.

*Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109-1110 (8th Cir. 2006).  This Court evaluated the Plaintiff's claims, as well as the undisputed facts on record, and found there was no issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.").  Consequently, this Court concluded the Defendant was "entitled to judgment as a matter of law."  *Cordry*, 445 F.3d at 1109-1110.

Further, the Court denies the Plaintiff's Motion for Leave to File an Amended Complaint.  "There is, however, no absolute right to amend a pleading.  Leave should be denied where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003)(internal citations and quotations omitted). In the present case, this Court finds that granting the Plaintiff leave to file an amended complaint would be futile and cause undue prejudice to the Defendants.  It has been more than a year since the Plaintiff first filed his Complaint. (*See* Filing No. 1).  If the Plaintiff wished to amend his Complaint and alter his pleadings, he should have filed his motion to amend his complaint *before* this Court issued its decision on the parties' motions for summary judgment. (*See Hammer*, 318 F.3d at 844-45 (finding "that the district court did not abuse its discretion in denying [the Plaintiff's] second motion for leave to amend his complaint . . . [where the Plaintiff] filed his second motion to amend nearly fifteen months after the filing of his original complaint . . . [and] after discovery had closed and the [Defendant] had moved for summary judgment on the pleaded theories.")).  The Court denies the Plaintiff's request for leave to file an amended complaint.

For the aforementioned reasons, the Court denies the Plaintiff's "Motion for Leave to Amend Complaint and Clarify March 2, 2009 Order."

ACCORDINGLY,

IT IS SO ORDERED:

1. Plaintiff's Motion for Leave to Amend Complaint and Clarify March 2, 2009 Order (Filing No. 47) is denied.

DATED this 4th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge